# IN THE SUPREME COURT OF THE STATE OF NEVADA

TYRONE & IN-CHING, LLC, A
CALIFORNIA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
U.S. BANK, N.A., AS TRUSTEE FOR
THE JPMORGAN ALTERNATIVE
LOAN TRUST 2006-A2,
Respondent.

No. 73702

FILED

NOV 19 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title.[1] Eighth Judicial District Court, Clark County; J. Charles Thompson, Senior Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.

The district court correctly determined that respondent U.S. Bank's agent cured the default as to the superpriority portion of the HOA's lien by tendering $1,930.82 to the HOA's agent, which undisputedly exceeded 9 months of assessments.[2] *See Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 373, 373 P.3d 66, 72 (2016) ("[A] superpriority lien pursuant to NRS 116.3116(2)

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Appellant's reliance on this court's December 21, 2016, order in *Stone Hollow Avenue Trust v. Bank of America National Ass'n*, Docket No. 64955, is misplaced. In that order, this court simply recognized that a factual dispute existed in that case as to whether the amount tendered constituted 9 months of assessments. No such dispute exists here.

18-904791

[(2011)] . . . is limited to an amount equal to nine months of common expense assessments."). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113 (2018). Although appellant contends that its predecessor is protected as a bona fide purchaser, we recently rejected a similar argument. *Id.* at 121.[3] Accordingly, the district court correctly determined that appellant's predecessor took title to the property subject to the first deed of trust. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:  Chief Judge, The Eighth Judicial District Court
     Hon. J. Charles Thompson, Senior Judge
     Hong & Hong
     Akerman LLP/Las Vegas
     Eighth District Court Clerk

---

[3]Appellant also suggests that the letter accompanying U.S. Bank's tender imposed conditions, but appellant does not identify what those conditions were. Because the issue is not cogently argued, we decline to consider it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).